UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
SEANN P. HICKS                        :            3:17 CV 1079 (RMS)
:
V.                                                     :
:
ANDREW SAUL, COMMISSIONER   :
OF SOCIAL SECURITY                :            DATE: JUNE 5, 2020
:
------------------------------------------------------- x

RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On May 4, 2020, the plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b), seeking an award of fees in the amount of $17,131.50. (Doc. No. 28). On May 26, 2020, the defendant filed his response, deferring to the Court on the issue of the timeliness of the plaintiff's motion. (Doc. No. 29). For the reasons set forth below, the plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 28) is GRANTED.

I.      PROCEDURAL BACKGROUND

The plaintiff's counsel represented the plaintiff in an action before this Court for judicial review of the Commissioner's unfavorable decision denying the plaintiff benefits. The Court remanded the case for further proceedings upon the uncontested filing of a motion for remand under Sentence Four of 42 U.S.C. § 405(g), following which, judgment entered. (Doc. Nos. 22-25). Upon remand, an ALJ held a hearing, following which he entered a fully favorable decision, dated April 26, 2019. (Doc. No. 28 at 1).

On January 15, 2020, the Social Security Administration issued a notice advising that it approved payment of attorney's fees in the amount of $6,000 for work performed before the Administrative Agency. (Doc. No. 28 at 2). The January 15, 2020 notice did not contain

information as to the total award due to the plaintiff. (*Id.*). In a notice dated April 25, 2020, the Social Security Administration advised the plaintiff's counsel that, after deduction for attorney's fees paid under Section 206(a) of the Social Security Act, the sum of $17,131.50 was withheld for the satisfaction of attorney's fees under Section 206(b) of the Social Security Act. (*Id.*).

Pursuant to the retainer agreement between the plaintiff and his counsel, entered on March 18, 2013, and consistent with 42 U.S.C. § 406(b), the plaintiff's counsel would receive the payment of an attorney's fee in the amount of 25% of that retroactive benefit awarded. (Doc. No. 28 at 2); *see* 42 U.S.C. § 406(b)(1)(A). Twenty-five percent of the retroactive benefit award would be $23,131.50, of which $6,000 was paid through an award under the Equal Access to Justice Act ("EAJA"). (Doc. No. 28 at 2; *see* Doc. No. 27). Accordingly, counsel requests an award of $17,131.50 under Section 406(b).

II.     LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1), "'[w]henever a court renders a judgment favorable to a claimant . . . who represented before the court by an attorney, the court may determine and allow as part of the judgment a reasonable fee for such representation,' but that fee may not exceed '25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 321-22 (S.D.N.Y. 2007) (quoting 42 U.S.C. § 406(b)(1)(A)). Thus, attorney fee awards under section 406(b) of the Social Security Act are paid directly out of the plaintiff's past benefits due to his attorney pursuant to the terms of a contingency agreement. 42 U.S.C. § 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 795-76 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (holding that "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluation a reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15 CV 949-A, 2018 WL 5924747, at *2 (W.D.N.Y. Nov. 13, 2018) (holding that

"[f]ees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the EAJA context, from the public fisc.").

When determining the reasonableness of a fee award under 42 U.S.C. § 406(b), the court must consider: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells*, 907 F.2d at 372.

In this case, the plaintiff's counsel seeks an award in the amount of $17,131.50, which is twenty-five percent of the total past due benefits, minus $6,000 in fees already paid. The defendant does not contest the reasonableness of the award. It is undisputed that this requested amount does not exceed the statutory cap. The plaintiff's counsel asserts that he spent a total of 36.3 hours of service at the district court level; thus, the *de facto* hourly rate would be $471.94. (Doc. No. 28 at 5). The defendant defers to the Court to determine whether the hourly rate "is reasonable and not a windfall, [given that,] courts within this District and within the Second Circuit have approved and disapproved comparable hourly rates." (Doc. No. 29 at 4-5). Additionally, the defendant agrees that "there is no evidence of fraud or overreaching." (Doc. No. 29 at 5). The Court concludes that the contingent fee requested is reasonable. *See Mingione v. Berryhill*, 3:17 CV 911 (WIG), Doc. No. 31 (D. Conn. Apr. 8, 2020) (approving $625.40 per hour); *see also Benoit v. Berryhill*, 3: 19 CV 443 (WIG), Doc. No. 19 (D. Conn. Apr. 30, 2020) (approving $570.50 per hour); *Mitchell v. Astrue<*, 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *5-6 (E.D.N.Y. Apr. 29, 2019) (citing cases).

The defendant acknowledges also that the plaintiff's counsel received an EAJA fee in the amount of $6,000, but that the EAJA fee was offset in its entirety by U.S. Treasury Offset Program; thus, he did not receive fees under the EAJA and "there are no EAJA fees to 'refund' to the

plaintiff."  (Doc. No. 28 at 5; Doc. No. 29 at 6; *see* Doc. No. 27 (Stipulation ordered payment of $6,900 but the SSA notices reflect a payment of $6,000)).

The remaining issue before the Court is whether the plaintiff's counsel's 406(b) Motion was timely filed. (Doc. No. 29 at 2-3).  The Court concludes that it was, under the circumstances of this case.

Although Section 406(b) does not contain a time limitation for filing fee applications, the Second Circuit has made clear that the 14-day (plus three days for mailing) filing deadline for attorney fee petitions in Fed. R. Civ. P. 54(d)(2)(B) "provides the applicable limitations period for filing § 406(b) motions." *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 & 89 n.5 (2d Cir. 2019).  In reaching that conclusion, the Second Circuit explained that Rule 54(d)(2)(B)'s limitations period applies "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application of attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award.  Once **counsel** receives notice of the benefits award[,]" the fourteen-day limitations period begins to run. *Sinkler*, 932 F.3d at 88 (emphasis added); *but see id.* at 91 ("the fourteen-day filing period starts to run when the claimant received notice of the benefits calculation").

On January 15, 2020, the SSA issued "Important Information" to the plaintiff, approving the payment of attorney's fees in the amount of $6,000 for work performed before the Administrative Agency, but that notice did not contain information as to the total retroactive benefit award due to him, nor did it set forth the provisions made for attorney's fees under Section 206(b). (Doc. No. 28 at 2; Doc. No. 28-2).  On April 25, 2020, the Social Security Administration issued another document entitled "Important Information," advising the plaintiff's counsel that, after deduction for attorney's fees paid under Section 206(a) of the Social Security Act, the sum

of $17,131.50 was being withheld for the satisfaction of attorney's fees under Section 206(b). (Doc. No. 28 at 2; Doc. No. 28-3). Pursuant to the retainer agreement entered in this case, the plaintiff is responsible for the payment of attorney's fees in the amount of 25% of the retroactive benefit award. According to the April 25, 2020 notice, 25% of the retroactive benefit would be $23,131.50, $6,000 of which was paid for work performed at the Administrative Agency. (Doc. No. 28-3 at 1). The plaintiff's counsel filed the pending Section 406(b) Motion on May 4, 2020, nine days after the April 25, 2020 letter. (Doc. No. 28).

The defendant argues that the April 25, 2020 letter "may not be the same as the Notice of Award letter contemplated" in *Sinkler*. (Doc. No. 29, at 3). The defendant defers to the Court to determine whether the plaintiff's motion, therefore, was timely filed.

The April 25, 2020 letter was the first notice indicating the amount of withheld for attorney's fees, representing "25 percent of the past due benefits" for the plaintiff. (*See* Doc. No. 28-3). Prior to this letter, there was no notice from the Commissioner indicating the total retroactive award upon which an award of fees could be based. *See Sinkler*, 932 F.3d at 88 (explaining that Rule 54(d)(2)(B)'s limitations period applies "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application of attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award."). In *Sinkler*, the Second Circuit concluded that "[o]nce counsel received notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—" the fourteen-day limitations period set forth in Rule 54(b)(2)(B) begins to run.

Here, counsel never received a copy of the benefits award from which he could claim an award of fees and has not received the sort captioned, "Notice of Award," which is referenced in Sinkler. Thus, the April 25, 2020 letter served as the only notice upon which the plaintiff's counsel

could claim an award of fees and appears to contain all of the information that would be in a Notice of Award.  Nine days after the April 25, 2020 Notice, the plaintiff's counsel filed the pending motion.  (Doc. No. 28 at 2).  Under the circumstances of this case, the Court concludes that the plaintiff's motion was timely filed.

III.  <u>CONCLUSION</u>

For the reasons stated above, the plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1) (Doc. No. 28) is GRANTED in the amount of $17,131.50.

SO ORDERED at New Haven, Connecticut the 5th day of June, 2020.

<u>/s/ Robert M. Spector</u>
Robert M. Spector
United States Magistrate Judge